IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS MANUEL GARCIA LOPEZ,

    Petitioner,

v.                                No. 2:26-cv-00799-KG-GJF

TODD LYONS, et al.,

    Respondents.

### **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Luis Lopez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. The Court grants the petition for the reasons below.

**I.    *Background***

Petitioner, a 37-year-old Mexican citizen, entered the United States in 2010. Doc. 1 at 2. In August 2025, Florida law enforcement arrested him for a suspended driver's license and open containers in his vehicle and eventually transferred him to Immigration and Customs Enforcement custody. *Id.* He remains detained at the Otero County Processing Center in New Mexico and has not been afforded a bond hearing. *Id.*

**II.    *Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    *Analysis***

The Court concludes that (A) 8 U.S.C. § 1226 governs Petitioner's detention, and (B) the remedy is a bond hearing where the Government bears the burden of proof.

### A.    Section 1226 governs Petitioner's detention.

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  First, § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Absent exceptions not relevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country."  *Jennings*, 583 U.S. at 303.  Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed."  Under federal regulations, noncitizens detained under § 1226(a) are entitled to individualized bond hearings at the "outset of detention."  *Jennings*, 583 U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court concludes that § 1226 governs here.[1]  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432; *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.). ICE arrested Petitioner more than a decade after his initial entry into the United States and did not apprehend him at or near the border.  Doc. 1 at 3.  Accordingly, § 1225's mandatory detention provision does not apply because Petitioner effected an entry into the United States by living here

---

[1] The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.).  The Tenth Circuit has not yet addressed this question.

for fifteen years.  Doc. 1 at 2.  The Government has failed to provide Petitioner with a bond hearing at the outset of his detention.  *Id.* at 3.  Therefore, Petitioner's detention absent a bond hearing violates the INA.

> **B.      The remedy is a bond hearing where the Government bears the burden of proof.**

Petitioner's prolonged detention violates the Fifth Amendment's Due Process Clause, and so he is entitled to a bond hearing where the Government bears the burden of proof.  Because § 1226(a) governs here, Petitioner's "continued detention without [an individualized bond hearing] constitutes an ongoing violation of [his] right to due process." *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. 2025).  Where detention proceeds without constitutionally adequate safeguards, the Court determines what additional procedures are due under the balancing framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1240 (10th Cir. 2001).  That framework considers (1) the private interest at stake; (2) the risk of erroneous deprivation under the procedures used and the value of additional safeguards; and (3) the Government's interest, including the burdens of additional procedures. *Mathews*, 424 U.S. at 335.

The *Mathews* factors weigh in favor of shifting the burden.  To start, Petitioner's private interest in remaining free from detention is substantial.  "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

Second, the current procedures create a substantial risk of erroneous deprivation.  Any evidence Petitioner could present to satisfy his burden has not been meaningfully considered because Petitioner has not received a bond hearing.  Doc. 1 at 3.  And this failure is not isolated.  Courts have observed similar cases arising across the country, raising "serious concerns about Petitioner's access to a meaningful bond hearing." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1243 (D.N.M. 2025) (collecting cases).  Requiring the Government "to prove by clear and

convincing evidence that Petitioner is a flight risk and/or a danger to the community ameliorates those concerns." *Id.*

Third, the Government's interest does not outweigh these concerns. Although the Government has a legitimate interest in ensuring appearance and protecting the community, shifting the burden of proof imposes minimal additional burden. The Government has "vast resources at its disposal to gather information about Petitioner's eligibility for bond." *Id.*

## IV.    Conclusion

The Court therefore grants Petitioner's habeas petition, Doc. 1. The Court directs the Government to provide Petitioner with a bond hearing under § 1226(a) before an immigration judge within seven (7) days of this Order. At that hearing, the Government has the burden of justifying Petitioner's detention by clear and convincing evidence. If the Government fails to do so, it must release Petitioner. The Court further orders the Government to file a status report within ten (10) days of this Order confirming that it has complied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.