IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS MANUEL GARCIA LOPEZ,

     Petitioner,

v.                               No. 2:26-cv-00799-KG-GJF

TODD LYONS, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Luis Lopez' Motion to Enforce, Doc. 9, and the Government's Response, Doc. 12. Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 7, did not comply with the due process requirements set forth in that Order. After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

### I.    Background

Petitioner, a 38-year-old Mexican citizen, entered the United States in 2010. Doc. 1 at 2. In August 2025, Florida law enforcement arrested him for a suspended driver's license and open containers in his vehicle and eventually transferred him to Immigration and Customs Enforcement custody. *Id.* He remains detained at the Otero County Processing Center in New Mexico. *Id.*

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act

---

[1] The DAR of the Bond Hearing (April 6, 2026) is on file with the Court and lodged at Doc. 11 (the "Audio Recording").

("INA") and the Fifth Amendment's Due Process Clause.  Doc. 7 at 2, 3.  On April 2, 2026, the Court ordered the Government to provide a bond hearing within seven days, at which it had the burden to justify her continued detention by clear and convincing evidence, or release him.  *Id.* at 4.

An Immigration Judge ("IJ") presided over the hearing on April 6, 2026.  *See* Doc. 8-1.  During the hearing, the IJ acknowledged the hearing was "because of a filing in federal court that ordered me to conduct a bond hearing for you."  Audio Recording at 1:27.  The IJ also summarized evidence to Petitioner that was submitted to that court prior to the hearing, including that "since you have been here, you have also been recently arrested for the offense of DWI."  *Id.* at 3:09.  In addition, that during that DWI, Petitioner "had a BAC, blood alcohol content...of .013."  *Id.* at 3:25.  The IJ also said that because Petitioner is appealing a separate removal decision, that makes him "a flight risk, because if I release you and you do not like the result, it might make it hard to get you back in custody."  *Id.* at 4:32.  Finally, the IJ found that Petitioner is "a danger to the community due to [Petitioner's] recent DWI offense."  *Id.* at 5:09.  The IJ informed Petitioner of his right to appeal the bond order, and he reserved.  *Id.* at 6:23.  Petitioner moves to enforce the Court's prior order, arguing that the IJ improperly "failed to provide a meaningful opportunity for release."  Doc. 9 at 2.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at an 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 7 at 3.  Nothing in the record

demonstrates that the IJ failed to apply the burden-shifting framework. To the contrary, the IJ acknowledged this Court's order that resulted in the instant bond. *See* Audio Recording at 1:27. In addition, the IJ did not hear evidence from Petitioner, indicating that his decision was based on the evidence provided before the hearing by the Government. This Court's jurisdiction does not extend to reconsidering the IJ's bond determination once the burden was properly shifted. A review of the bond determination is for the Board of Immigration Appeals.

### III.    *Conclusion*

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 9, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.